[Crim. No. 7767. Second Dist., Div. Three. Dec. 6, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. NATHAN BOYD HOLMES, Defendant and Appellant.

Nathan Boyd Holmes, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

THE COURT.—Nathan Boyd Holmes was indicted for the sale of heroin. In a jury trial, in which he was represented by the public defender, he was convicted. He admitted a former felony narcotic conviction for which he had served a term in state prison. He made a motion for a new trial, which was denied. He appealed from the judgment in propria persona. He applied for appointment of counsel on the appeal, which was denied after we had read the record and determined that the appeal has no semblance of merit, as will hereafter appear.

Defendant has filed a brief in which he urges, as the sole ground for reversal, amendment of the indictment by substitution of his true name for "John Doe Sherlock," as stated in the indictment. In the evidence before the grand jury the seller of the narcotics was identified as a man named Sherlock.

This is defendant's second appeal from a conviction of the offense. Upon the former appeal defendant's brief, from state prison, made the point that although his counsel waived trial by jury he remained mute. We reversed ((Cal.App.) 2 Cal. Rptr. 518), and the Supreme Court also reversed upon this ground (54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583]).

There was evidence of the following: About noon, Officer Burley and one Hendricks, an informer, met a girl named Dorothy Muraz who spoke with them, crossed the street and talked with defendant, who came to the officer's car, where they discussed narcotics. The three drove away in the officer's car, stopped at an apartment house, defendant entered the building and returned with two rubber sacks which he gave to Officer Burley in return for $20. The sacks contained a white powder which was proved at the trial to be heroin. Defendant did not testify or offer any evidence in contradiction of the testimony of Officer Burley.

Burley had heard defendant referred to as "Sherlock" and so named him in his testimony before the grand jury. After the indictment was returned the officer learned that defendant's true name is Nathan Boyd Holmes. Pursuant to order of court the indictment was amended accordingly.

Section 953 of the Penal Code reads: "When a defendant is charged by a fictitious or erroneous name, and in

any stage of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the accusatory pleading.'' When, upon arraignment, defendant stated his true name was Nathan Boyd Holmes the indictment was amended to state that name in the caption of the indictment. Under that name defendant pleaded not guilty. Upon commencement of the trial it was discovered that the name had not been changed in the body of the indictment, whereupon the court ordered that it be amended by substitution of the true name for ''John Doe Sherlock,'' wherever the latter appeared. In each instance there was written before ''John Doe Sherlock'' ''T. N. Nathan Boyd Holmes.'' In order to comply, literally, with section 953 the insertions should have read ''True name Nathan Boyd Holmes, charged as John Doe Sherlock.''

There was no excuse for the indifference and carelessness of the clerk, but the purpose of the statute was accomplished by the abbreviated insertions made by the clerk pursuant to the express direction of the court. Section 960 of the Penal Code reads: ''No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.''

Through the proceedings in open court defendant knew the indictment was being amended to state his true name. Section 960 forbids reversal of a judgment for the foregoing ''imperfection in matter of form'' in correction of the name of defendant.

The judgment is affirmed.

A petition for a rehearing was denied December 18, 1961, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1962. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.