[Crim. No. 7872. Second Dist., Div. One. Aug. 31, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES B. JOHNSON, Defendant and Appellant.

James B. Johnson, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Charles B. McKesson, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—By indictment defendant was accused of unlawfully selling heroin. At the arraignment, the indictment was amended to show that defendant's true name is James Baker Johnson (changed from James J. Johnson). Thereafter, in court in the presence of defendant and his counsel, an amendment to the indictment was filed, alleging two prior convictions. (In Missouri—assault with intent to kill, a felony; in California—violation of section 11500 of the Health and Safety Code, a misdemeanor.) He was arraigned on the amendment, and he denied the prior convictions. Trial by jury was waived. It was stipulated that the prosecution's case in chief might be determined upon the testimony and exhibits as shown by the grand jury transcript. Defendant was adjudged guilty, and the allegations as to prior convictions were found to be true. He was sentenced to state prison. He appeals from the judgment and the order denying his motion for a new trial.

Appellant contends that the evidence was insufficient to support the judgment; that the deputy district attorney was guilty of prejudicial misconduct in cross-examining a witness; and that the court erred in permitting the indictment to be amended to recite his true name.

Officer Hairston testified that: On September 27, 1960, about 3:30 p. m., he and Edward Pier met defendant and another man in the 2500 block of Raymond Avenue in Los Angeles. The other man was unknown to the officer. Pier said to the officer, "He [referring to defendant] can get some stuff." Defendant said, "Come to Kenwood and Jefferson." The officer asked how he (officer) could get there. Defendant

said that the other man (unknown man) would ride with the officer. The officer and the other man rode, in the officer's car, to the place mentioned. At that place, the defendant went to the officer's car and said, ''They are five-dollar caps.'' The officer handed a ten-dollar bill to defendant, who then went away for approximately ten minutes. Upon returning, he handed two capsules, containing a white substance, to the officer, who asked if defendant had a balloon for the capsules. Defendant went away and returned within approximately five minutes, and said, ''They are out. Are you going to give me a taste.'' The officer handed him a one-dollar bill. Defendant said that he would rather have ''a taste of the stuff.'' Then the officer returned to the police station and delivered the capsules to the property division of the station.

At the grand jury hearing on November 4, 1960, the officer identified a photograph as a photograph of the person from whom he purchased the capsules. At the trial the officer identified the defendant as the person whose photograph was exhibited to the grand jury, and as the person from whom he purchased the capsules. Also at the trial, the officer testified that Pier was present, and about 5 feet from defendant, when the defendant handed the capsules to the officer.

After the arrest of this defendant and before the trial, the officer saw him in a department of the superior court, and at that time the officer called the court's attention to the fact that by a clerical mistake of someone three counts were charged against this defendant, James Baker Johnson, when only one count should have been against him and the other two counts should have been against another person whose name was James L. Johnson; thereupon, the mistake was corrected; the mistake was not made by the officer, but was made in the sheriff's booking office.

It was established that the capsules contained heroin.

Defendant testified that: He did not see Officer Hairston or Pier on September 27, 1960. On that date he was at the home of his mother, where he was planning a birthday party for his son. He (defendant) was arrested on November 5, 1960. He saw the officer only on two occasions after the arrest (and before trial)—one occasion was in ''the glass house,'' when the officer addressed him as Lionel or Bob, and asked if he knew the officer; and he replied that he did not know him; then they took him to the county jail and booked him as ''James L. Johnson.'' Defendant said that was not his name, and then they booked him as James Baker Johnson.

The other occasion, when he saw the officer, was on the way to court, and at that time the bailiff asked the officer if defendant was the "James Johnson"; and the officer said, "Yes, I got two cases on him." When they were in court the two other counts were dismissed.

Edward Pier, called as a witness by defendant, testified: On September 27, 1960, about 3:30 p.m., he and Officer Hairston had a transaction with a man in the 2500 block of Raymond Avenue, relative to some "stuff." When they arrived there in a car, he (Pier) stopped a man and asked him if he could get some "stuff" for them. He replied that he could get two caps. Pier got into the man's car and went with him to an address. Officer Hairston went to the address in his car. At that place the man got two caps of stuff. The officer asked the man if he had a balloon to put the caps in. That man was not the defendant. Pier had dealt with the man previously but did not know his name. When Officer Hairston showed Pier a picture which "allegedly" was a picture of defendant (the picture shown to the grand jury), Pier said that that was not the picture of the person who was in the transaction. Pier also told the officer that if he would check on a "MacFarland" or "Farland" that he would know that that was "the man." He (Pier) had never seen defendant previously.

On cross-examination, Pier said that he had been working, as a police informant, with Officer Hairston about three months. He had testified five or six times when he had been subpoenaed by defendants in the various cases. On one occasion when he failed to appear, in response to a subpoena, he was arrested and placed in the county jail. While he was taking a shower, during his first day in jail, he was hit with a hammer and he was taken to the hospital. Also while he was in jail, someone threw a blanket on him and kicked him; and everyone in the tank called him names and threatened to beat him up.

 Appellant argues to the effect that the testimony of the officer was not sufficient to support the judgment, in view of defendant's testimony that he was not the person who was involved in the transaction, and that he was at his mother's home on that day; and in view of Pier's testimony that defendant was not the person so involved. Whether defendant was the person who made the sale was a question of fact for the determination of the trial judge. The officer testified that defendant is the person to whom he handed

the money and is the person who handed the capsules of heroin to the officer. The testimony of the officer and the testimony of Pier were substantially the same as to all material matters, except the identity of the person who sold the heroin. A similar factual situation, with respect to testimony as to identification, was presented in *People* v. *Rodriguez,* 169 Cal.App.2d 771, 776, 777 [338 P.2d 41]. In that case it was said: ''The record discloses a close parallel between the testimony of Deputy Burley and that of the informer on all material matters except the identity of the person from whom the heroin was purchased,'' and that, ''Whether the trial judge wanted to bind the People with the informer's denial of defendant's identity . . . or not do so . . . was solely within his discretion as the trier of the fact.'' ▮ It is not a legal requirement that the testimony of an officer in a narcotics case be corroborated. (*People* v. *Jones,* 153 Cal.App.2d 41, 43 [314 P.2d 93]; *People* v. *McCrasky,* 149 Cal.App.2d 630, 635 [304 P.2d 115].) There is no merit to appellant's assertion that the officer's testimony was inherently improbable. ▮ The evidence was sufficient to support the judgment.

Appellant contends further that the court erred in permitting the indictment to be amended to state his true name. The name under which he was charged in the indictment was James J. Johnson. At the arraignment he stated that his true name is James Baker Johnson. Under that name he pleaded not guilty. Section 953 of the Penal Code provides: ''When a defendant is charged by a fictitious or erroneous name, and in any stage of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the accusatory pleading.'' Section 989 of the Penal Code provides: ''When the defendant is arraigned, he must be informed that if the name by which he is prosecuted is not his true name, he must then declare his true name, or be proceeded against by the name in the accusatory pleading. If he gives no other name, the court may proceed accordingly; but if he alleges that another name is his true name, the court must direct an entry thereof in the minutes of the arraignment, and the subsequent proceedings on the accusatory pleading may be had against him by that name, referring also to the name by which he was first charged therein.'' In the caption of the present case, the word ''Baker'' was written as the middle name of the defendant in place of the middle

initial "J." In the margin near the amendment the abbreviation "T/N" is written, apparently signifying "True Name." The court did not err in so amending the indictment. (See *People* v. *Holmes,* 197 Cal.App.2d 699 [17 Cal.Rptr. 599].) Defendant was not deprived of a constitutional right by such amendment.

█ Appellant also contends that the deputy district attorney was guilty of misconduct in cross-examining Pier who was called as a witness by defendant. As above shown, Pier testified substantially to the same effect as Officer Hairston had testified, except as to identification of the defendant. On cross-examination of Pier questions were asked which resulted in testimony to the effect that he was placed in jail when he failed to respond to a subpoena in another case; and that while he was in jail he was hit with a hammer, was kicked, and was threatened with beatings. It seems to be appellant's position that the cross-examination presented "irrelevant testimony falling short of crime" and was an attempt to misinform and prejudice the judge by trying to produce testimony that appellant "had the witness intimidated into false testimony." There was no indication in the evidence that appellant had caused Pier to be intimidated. Apparently the cross-examination was for the purpose of indicating that such threats and beating might be a motive or basis for reluctance on the part of Pier to testify against defendants in any narcotic cases. In view of such threats, it could be inferred that Pier might not identify *any* defendant, and therefore his credibility as to identification would be doubtful. The deputy was not guilty of misconduct.

Defendant was accorded a fair trial.

The judgment and the order denying the motion for a new trial are affirmed.

Lillie, J., concurred.