[Crim. No. 8387. Second Dist., Div. Four. Dec. 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD HARRIS, Defendant and Appellant.

Harold Harris, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—The grand jury of Los Angeles County returned a secret indictment against defendant in which he was charged in two counts with the crime of selling and furnishing of a narcotic, marijuana, in violation of section 11531 of the Health and Safety Code. Defendant entered a plea of not guilty. Trial was by the court, defendant and all counsel having personally waived trial by jury. Defendant was found guilty as charged on both counts. Probation and defendant's motion for a new trial were denied and defendant was sentenced to the state prison on each count for the term prescribed by law, sentences to run concurrently.

Defendant petitioned this court for the appointment of counsel to represent him on appeal. This court, having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application; whereupon, defendant prosecutes this appeal in propria persona.

Jerry Chavous testified he was attached to the narcotics division of Los Angeles Police Department as an undercover agent. On October 18, 1961, he observed defendant walking south on Wall Street in the City of Los Angeles. He asked defendant, "How about turning me on to some happenings?" Defendant replied, "What kind of happenings?" Officer Chavous responded, "Some weed." Defendant then inquired, "How much?" The officer said, "A can." Defendant and the officer carried on the conversation further and agreed on the price of $15. Defendant left and asked the officer to wait, indicating that he would return in a few minutes. Defendant returned driving a green 1948 Plymouth automobile and told the officer to get into the car. While driving defendant pushed a bag over to the officer saying, "There is the stuff, and it is good stuff." The defendant stopped at a store where the officer changed a twenty dollar bill and handed defendant the $15.

Officer Chavous further testified that on October 19, 1961, he went to a bar where he again met defendant who was engaged in a conversation with another person. The officer

followed defendant and the other man as they left the bar, and he overheard defendant tell the other man he had "some weed that is so good I'm thinking about keeping it for myself." The officer told defendant he would like to have a little of that weed, to which defendant replied, "Well, how much do you want?" The officer said he would take another "can." Defendant asked the officer to wait, and he returned in 10 or 15 minutes. He motioned the officer to follow him to the rear of the bar where he handed the officer two half filled bags. The officer again gave defendant $15.

On December 22, 1961, Officer Chavous had a conversation with defendant in Lincoln Heights jail. Defendant admitted that he recognized the officer. The officer inquired if defendant usually sold much marijuana, and defendant replied affirmatively that he sold the stuff to anybody—all the guys on the corner. The officer testified the statements made by defendant were freely and voluntarily given.

Officer Chavous testified that he was familiar with terminology used in the field of narcotic activities: the expression "turn me on to some happenings" in narcotic parlance means to obtain marijuana or heroin; the word "weed" refers to marijuana; and the word "can" refers to a measurement that narcotic sellers use for dispensing and handling marijuana.

It was stipulated by defendant and all counsel that Richard John Bingle was a forensic chemist employed by Los Angeles Police Department; that he examined the contents of the two exhibits; and that in his opinion the green leafy material contained in the exhibits was in fact marijuana.

Defendant testified in his own behalf: he denied selling the marijuana to the officer or anyone else; he did not remember that he had ever seen Officer Chavous before; he did not remember what he was doing on the day of the alleged sales, to wit, October 18th and 19th, 1961; he denied he discussed the subject of marijuana with the officer at Lincoln Heights jail. He admitted he owned a green 1948 Plymouth automobile.

Defendant contends that he was entrapped into the commission of a felonious act. In a recent case defendant similarly raised defense of entrapment on appeal, not having raised it during the trial. The court pointed out that the fact the defendant claims he did not commit the offense is inconsistent with the defense of entrapment. "But, in any event, entrapment is a positive defense as to which a

616

defendant asserting it has the burden of showing that he was induced to commit the act for which he is on trial. [Citation.]'' *(People* v. *Lollis,* 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420].)

■ The general rule is that a defendant who is enticed or persuaded into committing a crime by an entrapping policeman cannot be found guilty, but the availability of this defense of entrapment depends on whether or not the criminal intent originated in defendant's mind or in the mind of the police officer. In the case before us the officer merely inquired if defendant could supply him with narcotics. Defendant readily obliged the officer, not only on the first occasion, but also made a second sale, all with no apparent reluctance or hesitation.

■ As stated in *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521], ''The many decisions in this state which define the defense of entrapment were reviewed in *People* v. *Lindsey,* 91 Cal.App.2d 914 [205 P.2d 1114], and the law stated as follows: 'Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. (Citations.) If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment.' (P. 917.)'' Here the officer used no persuasion other than an ordinary conversation that would take place between a willing buyer and a willing seller. (See *People* v. *Jones,* 176 Cal.App.2d 743, 750 [1 Cal.Rptr. 637].)

■ Defendant next contends that the uncorroborated testimony of Officer Chavous is not sufficient to sustain the conviction; however, in this type of case the law does not require corroboration. The testimony of the officer, if believed by the court is sufficient to sustain the conviction. *(People* v. *Smith,* 174 Cal.App.2d 129, 134 [344 P.2d 435].)

■ ''It is the trier of fact who must be persuaded beyond a reasonable doubt of the guilt of the defendant. The function of the reviewing court is to determine whether the evidence, if believed, is of sufficient character to justify conviction. [Citation.]'' *(People* v. *Casado,* 181 Cal.App.2d 4,

8 [4 Cal.Rptr. 851].) In the case before us it is obvious that the trier of the fact believed the testimony of the officer, and, as indicated, that is sufficient.

Judgment of conviction is affirmed.

Burke, P. J., and Ford, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1963.

*Assigned by Chairman of Judicial Council.