[Crim. No. 7767.   Second Dist., Div. Three.   Aug. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. NATHAN
BOYD HOLMES, Defendant and Appellant.

Nathan Boyd Holmes, in pro. per., and Bertram H. Ross,
under appointment by the District Court of Appeal, for
Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James,
Assistant Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Nathan Boyd Holmes was indicted under the
name of Spurlock, as he was then known to the police, for the
unlawful sale of heroin and following his conviction in a non-
jury trial we reversed (Cal.App.) 2 Cal.Rptr. 518 and the
Supreme Court reversed the judgment (54 Cal.2d 442 [5 Cal.
Rptr. 871, 353 P.2d 583]) upon the ground that it was not
shown by the record that Holmes had personally waived trial
by jury. In a subsequent trial, Holmes was convicted in a jury
trial.   He admitted a former felony narcotic conviction, for
which he had served a term in state prison.   Upon his appeal
from the judgment he applied for appointment of counsel on

the appeal. In accordance with our practice, and settled California law (*People* v. *Hyde*, 51 Cal.2d 152 [331 P.2d 42]), we concluded from an independent examination of the record that the appeal was frivolous and denied the application. In accordance with our invariable rule in such cases, we considered and decided the appeal on the merits. The judgment was affirmed. (*People* v. *Holmes*, 197 Cal.App.2d 699 [17 Cal.Rptr. 599].) Hearing was denied by the Supreme Court.

Pursuant to mandate of the Supreme Court of the United States, issued in accordance with the holding in *Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], we recalled our remittitur, vacated the judgment and appointed counsel. Briefs have been filed. The appeal has no merit.

■ The point urged by counsel is the one that was decided adversely to defendant upon the second appeal. When defendant's true name was ascertained the indictment was amended and in each place in which John Doe "Spurlock" appeared the clerk had written above it "T. N. Nathan Boyd Holmes." We held that the use of "T. N." instead of "True Name," which should have been used was not an irregularity which deprived Holmes of a fair trial.

We adopt as our opinion the following from the former opinion (197 Cal.App.2d 699, 700-701):

"There was evidence of the following: About noon Officer Burley and one Hendricks, an informer, met a girl named Dorothy Muraz who spoke with them, crossed the street and talked with defendant, who came to the officer's car, where they discussed narcotics. The three drove away in the officer's car, stopped at an apartment house, defendant entered the building and returned with two rubber sacks which he gave to Officer Burley in return for $20. The sacks contained a white powder which was proved at the trial to be heroin. Defendant did not testify or offer any evidence in contradiction of the testimony of Officer Burley.

"Burley had heard defendant referred to as 'Spurlock' and so named him in his testimony before the grand jury. After the indictment was returned the officer learned that defendant's true name is Nathan Boyd Holmes. Pursuant to order of court the indictment was amended accordingly.

"Section 953 of the Penal Code reads: 'When a defendant is charged by a fictitious or erroneous name, and in any state of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the accusa-

tory pleading.' When, upon arraignment, defendant stated his true name was Nathan Boyd Holmes the indictment was amended to state that name in the caption of the indictment. Under that name defendant pleaded not guilty. Upon commencement of the trial it was discovered that the name had not been changed in the body of the indictment, whereupon the court ordered that it be amended by substitution of the true name for 'John Doe Spurlock,' wherever the latter appeared. In each instance there was written before 'John Doe Spurlock' 'T. N. Nathan Boyd Holmes.' In order to comply, literally, with section 953 the insertions should have read 'True name Nathan Boyd Holmes, charged as John Doe Spurlock.'

"There was no excuse for the indifference and carelessness of the clerk, but the purpose of the statute was accomplished by the abbreviated insertions made by the clerk pursuant to the express direction of the court. Section 960 of the Penal Code reads: 'No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.'

"Through the proceedings in open court defendant knew the indictment was being amended to state his true name. Section 960 forbids reversal of a judgment for the foregoing 'imperfection in matter of form' in correction of the name of defendant."

The judgment is affirmed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied September 17, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.