[Crim. No. 12052. Second Dist., Div. One. July 1, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. SYLVESTER A. DAVIS, Defendant and Appellant.

William Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bruce M. Perlman, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with selling heroin (§ 11501, Health & Saf. Code), and five prior felony convictions—grand larceny, selling and distributing opium, obtaining money by false pretenses, robbery and forgery. The case was heard by the court sitting without a jury; defendant was found guilty of possession of heroin, a lesser and necessarily included offense; no finding was made on the first, second or third prior but the fourth and fifth were found to be true. Defendant appeals from the judgment and sentence.

On July 25, 1965, Officer Parks, an undercover narcotic officer, was introduced to defendant at Barbara Ettes' apartment on East Adams. Present were defendant, Officer Parks, Barbara and Oscar Coates. Defendant was dressed in black and when he removed his shirt he had tattoos on each shoulder and a scar on his right side. The next day (July 26, 1965) around 4:30 p.m., Officer Parks was riding in Oscar Coates' Ford when he saw defendant walking eastbound on Sixth Street. Coates called over to defendant and defendant entered the vehicle; Coates told him he wanted him to ''score''; defendant asked, ''What?'' and Coates replied, ''A spoon.'' Defendant directed Coates to a certain location where Coates parked; defendant got out of the vehicle and asked Coates for the money; Officer Parks gave Coates $25 which he handed to defendant; defendant then walked north. They waited for defendant and around 6 p.m. he returned saying he couldn't ''get a spoon'' but had gotten three bags for a quarter; he handed three balloons to Coates who handed them to the officer. Defendant was arrested around the first week in August and advised of his constitutional rights.

Defendant testified that he met Officer Parks once, on July 26, 1965; he was on Sixth Street, and Coates, Barbara and the officer drove by; Coates whistled at him; he asked Coates, "can I get a thing?" (a balloon of heroin) and accompanied them to an apartment on East Adams; Coates prepared the "stuff"—"proceed[ed] to chop it up, you know, mix it up"—on the kitchen table and put it in balloons; Coates gave him the "first bag" (balloon); he gave himself a "shot" of "dope," as did the others; his shirt was tight so he took it off to give himself the shot. Defendant admitted using heroin but denied selling any narcotics to Officer Parks.

Oscar Coates was called as a witness for the defense; however, after giving his name he refused to testify on the grounds that any testimony he would give may tend to incriminate him.

When the trial judge found defendant guilty of possession he stated that he would not make a finding with respect to the sale because of the refusal of Coates to testify; that, "he was a material and pertinent witness in this case"; "through the simple expedience of simply taking the Fifth Amendment and refusing to testify, this defendant has again been deprived of the right to have evidence read into the record which might have shown the defendant was not guilty"; and "I don't think it would be fair under these circumstances to convict the defendant of a sale without the testimony of Mr. Coates. We still have the question of his admitted involvement with respect to the question of possession."

■ Appellant claims that the judgment must be reversed because the trial court based its finding of possession of narcotics solely on his admission—"there was no proof of the corpus delicti as to possession of the narcotic on [July] 26, 1965" except his "own uncorroborated testimony" because the court disbelieved Officer Parks' testimony.

First, while the sale of July 26, 1965, was not proved to the satisfaction of the trial judge because of what he thought to be the "evasive quality" of Officer Parks' testimony relative to the events of July 25, 1965, it is clear from the judge's full statement that he did not reject all of the officer's testimony for he specifically found "that the defendant was in possession of the narcotics and the *very narcotics which had been introduced into this trial,* and that, therefore, by his own admission, certainly, although his admission may not go to these particular balloons, but to some other activity, narcotics earlier that day, was in possession of narcotics and clearly

had been guilty of that offense.'' The heroin introduced in evidence and marked Exhibit 1 was that found in the three balloons which Officer Parks testified had been handed by defendant to Coates who handed them to him on July 26, 1965, and for which he paid $25. The officer's testimony in connection with Exhibit 1, even though uncorroborated, having been believed by the trial judge is sufficient to support the conviction. (*People* v. *Harris*, 210 Cal.App.2d 613, 616 [26 Cal.Rptr. 850]; *People* v. *Johnson*, 207 Cal.App.2d 357, 361 [24 Cal.Rptr. 471].)

Thus, it is not true, as urged by appellant, that ''the judge did not indicate that he referred to the narcotics introduced in evidence through Officer Parks,'' nor, therefore, is it true that proof of the corpus delicti consisted solely of his own admission at the trial. However, even had the trial judge found defendant guilty solely on his own admission, it was not an extrajudicial admission which could not be used to prove the corpus delicti but an admission made by defendant under oath at the trial. In his defense, defendant took the witness stand and testifying in his own behalf admitted that he had possession of and used a balloon of heroin in the East Adams apartment on July 26, 1965. His testimony in court can be regarded as neither an extrajudicial admission nor a confession; it is direct evidence competent for the proof of all elements of the crime. ■■■ ''It is, of course, elementary and unquestioned that a defendant who chooses to *testify* is just as competent to establish corpus delicti as any other witness.'' (*People* v. *Ditson*, 57 Cal.2d 415, 455-456 [20 Cal. Rptr. 165, 369 P.2d 714].)

Without citation of authority or argument appellant says that the trial judge, having found him not guilty of selling heroin, should have dismissed the entire case. In the light of defendant's own testimony, the trial judge would have been remiss in his duty had he not found defendant guilty of at least possession, a lesser but necessarily included offense. (§ 1159, Pen. Code.) In our opinion, the record supports a finding of sale of heroin; defendant is fortunate that the trial judge is the exclusive trier of the fact.

■■■ Also unsupported by the record, argument or citation of authority are appellant's remaining contentions—that the information varied from the complaint on which the preliminary hearing was based, and that he was forced to testify on his own behalf. The complaint, merely the basis for the warrant of arrest and the commencement of the preliminary mag-

isterial investigation and *functus officio* after the preliminary hearing and order holding defendant to answer (*People* v. *Mason,* 183 Cal.App.2d 168, 172 [6 Cal.Rptr. 649]), is not included in the record on appeal; nor is the transcript of the evidence taken at the preliminary hearing before us. In the absence thereof, this court must indulge all presumptions in favor of the judgment and assume that the charge in the information was not changed to an offense not shown in the evidence taken at the preliminary hearing. (*People* v. *Walker,* 170 Cal.App.2d 159, 165 [338 P.2d 536].) The further claim that appellant "had to take the witness stand to rebut the testimony of the officer, which the trial judge later rejectes [*sic*]," is wholly without merit. First, the record shows no testimonial compulsion, only that defendant freely and voluntarily took the stand in his own defense to give his version of what occurred on July 26, 1965; he did so in the hope that if he admitted committing a lesser offense—possession of heroin—he would be absolved from the greater crime—sale of heroin—and to that end, he in effect, asked the trial judge to believe his testimony. This is exactly what the trial judge did which places defendant in no position to now complain. Second, it is not true that the judge rejected the entire testimony of Officer Parks; to the contrary, he believed the officer's testimony relative to Exhibit 1, the basis of his finding of defendant's guilt of possession of heroin. Finally, defendant's election to testify was not a product of any admitted or excluded extrajudicial confession or admission.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.